**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Margarita Garcia-Moreno**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Z'Kala, LLC**, an Arizona limited liability company; **Z'Kala IC, LLC**, an Arizona limited liability company; **Z'Kala, LLC – Myrtle**, an Arizona limited liability company; **Javan Lee and Jane Doe Lee**, a married couple; and **Michael Lee and Jane Doe Lee II**, a married couple, | |
| Defendants. | |

Plaintiff, Margarita Garcia-Moreno ("Plaintiff" or "Margarita Garcia-Moreno"),

sues the Defendants, Z'Kala, LLC; Z'Kala IC, LLC; Z'Kala, LLC – Myrtle; Javan Lee

and Jane Doe Lee; and Michael Lee and Jane Doe Lee II ("Defendants" or "Z'Kala") and

alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  <u>See</u> 29 U.S.C. § 207(a).

3.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all times material to the matters alleged in this Complaint, Plaintiff was

an individual residing in Maricopa County, Arizona, and is a former employee of

Defendants.

8.     At all material times, Defendant Z'Kala, LLC is a limited liability company

duly licensed to transact business in the State of Arizona.  At all material times,

Defendant Z'Kala, LLC does business, has offices, and/or maintains agents for the

transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Defendant Z'Kala, LLC owned and operated as

"Z'Kala," a behavioral health facility doing business in Maricopa County, Arizona.

10.     Under the FLSA, Defendant Z'Kala, LLC is an employer.  The FLSA

defines "employer" as any person who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Z'Kala, LLC had the

authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained

employment records in connection with Plaintiff's employment with Defendants.  As a

person who acted in the interest of Defendants in relation to Z'Kala's employees,

Defendant Z'Kala, LLC is subject to liability under the FLSA.

11.     At all material times, Defendant Z'Kala IC, LLC is a limited liability

company duly licensed to transact business in the State of Arizona.  At all material times,

1    Defendant Z'Kala IC, LLC does business, has offices, and/or maintains agents for the

2    transaction of its customary business in Maricopa County, Arizona.

3        12.    At all relevant times, Defendant Z'Kala IC, LLC owned and operated as

4    "Z'Kala," a behavioral health facility doing business in Maricopa County, Arizona.

5

6        13.    Under the FLSA, Defendant Z'Kala IC, LLC is an employer.  The FLSA

7    defines "employer" as any person who acts directly or indirectly in the interest of an

8    employer in relation to an employee.  At all relevant times, Z'Kala IC, LLC had the

9    authority to hire and fire employees, supervised and controlled work schedules or the

10   conditions of employment, determined the rate and method of payment, and maintained

11   employment records in connection with Plaintiff's employment with Defendants.  As a

12   person who acted in the interest of Defendants in relation to Z'Kala's employees,

13   Defendant Z'Kala IC, LLC is subject to liability under the FLSA.

14

15       14.    At all material times, Defendant Z'Kala, LLC – Myrtle is a limited liability

16   company duly licensed to transact business in the State of Arizona.  At all material times,

17   Defendant Z'Kala, LLC – Myrtle does business, has offices, and/or maintains agents for

18   the transaction of its customary business in Maricopa County, Arizona.

19

20       15.    At all relevant times, Defendant Z'Kala, LLC – Myrtle owned and operated

21   as "Z'Kala," a behavioral health facility doing business in Maricopa County, Arizona.

22

23       16.    Under the FLSA, Defendant Z'Kala, LLC – Myrtle is an employer.  The

24   FLSA defines "employer" as any person who acts directly or indirectly in the interest of

25   an employer in relation to an employee.  At all relevant times, Z'Kala, LLC – Myrtle had

26   the authority to hire and fire employees, supervised and controlled work schedules or the

27

conditions of employment, determined the rate and method of payment, and maintained

employment records in connection with Plaintiff's employment with Defendants.  As a

person who acted in the interest of Defendants in relation to Z'Kala's employees,

Defendant Z'Kala, LLC – Myrtle is subject to liability under the FLSA.

17.      Defendants Javon Lee and Jane Doe Lee are, upon information and belief,

husband and wife.  They have caused events to take place giving rise to the claims in this

Complaint as to which their marital community is fully liable.  Defendants Javon Lee and

Jane Doe Lee are owners of Z'Kala and were at all relevant times Plaintiff's employers as

defined by the FLSA, 29 U.S.C. § 203(d).

18.      Under the FLSA, Defendants Javon Lee and Jane Doe Lee are employers.

The FLSA defines "employer" as any person who acts directly or indirectly in the interest

of an employer in relation to an employee.  At all relevant times, Defendants Javon Lee

and Jane Doe Lee had the authority to hire and fire employees, supervised and controlled

work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiff's employment

with Defendants.  As persons who acted in the interest of Defendants in relation to

Z'Kala's employees, Defendants Javon Lee and Jane Doe Lee are subject to individual

liability under the FLSA.

19.      Defendants Michael Lee and Jane Doe Lee II are, upon information and

belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Defendants

Michael Lee and Jane Doe Lee II are owners of Z'Kala and were at all relevant times

Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

20.    Under the FLSA, Defendants Michael Lee and Jane Doe Lee II are

employers.  The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee.  At all relevant times,

Defendants Michael Lee and Jane Doe Lee II had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants.  As persons who acted in the

interest of Defendants in relation to Z'Kala's employees, Defendants Michael Lee and

Jane Doe Lee II are subject to individual liability under the FLSA.

21.    Plaintiff is further informed, believes, and therefore alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other

Defendants, as alleged herein.

22.    Defendants, and each of them, are sued in both their individual and

corporate capacities.

23.    Defendants are jointly and severally liable for the injuries and damages

sustained by Plaintiff.

24.    At all material times, Defendants have operated as a "single enterprise"

within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is,

Defendants perform related activities through unified operation and common control for a

common business purpose; namely, the operation of a behavioral health facility in Maricopa County, Arizona.

25.    At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

26.    Defendants are engaged in related activities, *i.e.*, all activities which are necessary to the operation and maintenance of the aforementioned company.

27.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

28.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

30.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

31.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

32.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

33.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

34.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

35.    On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

36.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

37.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

38.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

39.    Defendants own and/or operate as Z'Kala, a behavior health facility doing business in Maricopa County, Arizona.

40.    On approximately June 15, 2023, Plaintiff began working for Defendants as a medical assistant.

41.    Plaintiff was supposed to be compensated at an hourly rate of approximately $20 throughout her employment with Defendants.

42.    Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

-8-

43.    When Plaintiff began her work for Defendants, Defendants gave her the option of performing her work as a W-2 employee or 1099 "independent contractor."

44.    Regardless of which election she made, her primary job duties would have remained identical or substantially similar.

45.    Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

46.    Defendants controlled Plaintiff's schedules.

47.    At all relevant times, Plaintiff was economically dependent on Defendants.

48.    The following further demonstrate that Plaintiff was an employee:

    a.    Defendants had the exclusive right to hire and fire Plaintiff;

    b.    Defendants set Plaintiff's work schedule;

    c.    Defendants set Plaintiff's rate of pay;

    d.    Defendants required Plaintiff to attend and complete training;

    e.    Defendants made the decision not to pay overtime to Plaintiff;

    f.    Defendants supervised Plaintiff and subjected her to Defendants' rules;

    g.    Plaintiff had no opportunity for profit or loss in the business;

    h.    The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    i.    Plaintiff was hired as a permanent employee;

j.      Defendants required Plaintiff to provide them with her direct deposit and bank account information;

k.      Plaintiff had no right to refuse work assigned to her by Defendants;

49.    Plaintiff worked for Defendants through approximately June 16, 2023.

50.    During Plaintiff's employment with Defendants, Plaintiff worked approximately between 12 and 15 hours during a single workweek.

51.    At all relevant times, Plaintiff was never paid for the work she performed for Defendants.

52.    Defendants did not pay Plaintiff any wage whatsoever for the time she spent working during her sole workweek.

53.    Plaintiff left her employment on approximately June 16, 2023.

54.    After leaving her employment, Plaintiff inquired with Defendants as to when they would be paying her for the work she performed.

55.    In response, Defendants informed Plaintiff that they did not have to pay her for 30 days.

56.    However, Defendants never compensated Plaintiff any wages whatsoever despite such conversation.

57.    To date, Defendants still have paid none of the wages due and owing to Plaintiff.

58.    Therefore, for the sole workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

59.     As a result of not having paid any wage whatsoever to Plaintiff for her sole workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

60.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

61.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

62.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-350, et seq.

63.     Plaintiff was a non-exempt employee.

64.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

65.     Plaintiff is a covered employee within the meaning of the FLSA.

66.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

67.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

68.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

69.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

70.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.    As a result of failing to compensate Plaintiff any wages whatsoever for the sole workweek of her employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

72.    As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 206.

73.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

74.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Margarita Garcia-Moreno, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

75.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.    As a result of failing to compensate Plaintiff any wages whatsoever for the sole workweek of her employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

77.     As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of A.R.S. § 23-363.

78.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

79.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Margarita Garcia-Moreno, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS Z'KALA, LLC; Z'KALA IC, LLC; AND Z'KALA, LLC –**
**MYRTLE, ONLY**

80.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.    As a result of the allegations contained herein, Defendants Z'Kala, LLC; Z'Kala IC, LLC; and Z'Kala, LLC – Myrtle did not compensate Plaintiff wages due and owing to her.

82.    Defendants Z'Kala, LLC; Z'Kala IC, LLC; and Z'Kala, LLC – Myrtle engaged in such conduct in direct violation of A.R.S. § 23-350.

83.    Defendants Z'Kala, LLC; Z'Kala IC, LLC; and Z'Kala, LLC – Myrtle acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing her.

84.    Defendants Z'Kala, LLC; Z'Kala IC, LLC; and Z'Kala, LLC – Myrtle sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

85.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendants Z'Kala, LLC; Z'Kala IC, LLC; and Z'Kala, LLC – Myrtle.

86.    Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Margarita Garcia-Moreno, requests that this Court grant the following relief in Plaintiff's favor, and against the foregoing Defendants:

A.    For the Court to declare and find that the foregoing Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th day of July, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-16-

# <u>VERIFICATION</u>

1

2    Plaintiff, Margarita Garcia-Moreno, declares under penalty of perjury that she has

3    read the foregoing Verified Complaint and is familiar with the contents thereof.  The

4    matters asserted therein are true and based on her personal knowledge, except as to those

5    matters stated upon information and belief, and, as to those matters, she believes them to

6    be true.

7

8

9                                                    _____
                                                     Margarita Garcia-Moreno (Jul 25, 2023 18:39 PDT)
10                                                   Margarita Garcia-Moreno

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27